UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

UNITED STATES OF AMERICA          CRIMINAL NO. 12-CR-00146

VERSUS                            JUDGE FOOTE

ALEXANDER DERRICK REECE(01)       MAGISTRATE JUDGE HANNA
DREW T. GREEN(02)
THOMAS WILLIAM MALONE, JR.(03)
BOYD ANTHONY BARROW(04)
JOSHUA ESPINOZA(05)
CURIOUS GOODS LLC(06)
RICHARD JOSEPH BUSWELL(07)
DANIEL JAMES STANFORD(08)
DANIEL PAUL FRANCIS(09)
BARRY J. DOMINGUE(10)


## SUPPLEMENTAL ORDERS APPLICABLE TO REECE'S MOTION TO COMPEL (Doc. 227)

On March 28, 2013, the undersigned issued Orders [Doc. 331] relative to

the Motion to Compel Production of Documents and for Disclosure of Evidence to

be Used in Government's Case-in-Chief [Doc. 227], filed by Defendant Alexander

Derrick Reece, and adopted by Defendants Stanford [Doc. 232], Buswell [Doc.

237], Domingue [Doc. 235] and Francis [Doc. 279]. At that time, some discovery

issues raised in the motion were held in abeyance by the court, to allow for

completion of the government's production by the deadline of April 3, 2013.

Additional argument was heard from the parties on April 26, 2013, and

representations were made by each regarding the status of the government's response to discovery. Five categories of production remained at issue, the adequacy of which was in dispute. The following Orders are intended to supplement the original Orders granting the motion in part and denying the motion in part:

1. The defendants continue to seek documentation related to the inspection, examination, and release of any shipments of chemicals to Mountain Industries, Blue Sky International, or any individuals associated with these companies for the years 2010-2012 by United States officers/officials, including the Department of Homeland Security, Immigration and Customs Enforcement, Customs and Border Protection, U.S. Postal Service or any other agency. Specifically the defendants seek information regarding shipments 'cleared' and released by the government. The government has declared that it has requested this information, but it has not been made available to date and the government is not certain how much of the requested information can be ultimately obtained. Therefore,

**IT IS ORDERED THAT** the government shall produce all information responsive to this inquiry within thirty (30) days of this Order or apprise the Court, in writing, why it cannot be made available.

2. The defendants have called for production of exculpatory information accessed or otherwise available from the computers of Defendants Thomas Malone and Drew Green, based in part on the belief that all email communications between/among these defendants and other defendants have not been produced. With regard to the computer of Mr. Green which was seized, the government, even with the cooperation of Mr. Green, has been unable to access the data as there is something wrong with the encryption software. The government does not object to a forensic examination of that computer by the defense within the scope of allowed discovery, however, the government is of the belief that counsel for Mr. Green may have an objection. The government has clarified that it did not seize Defendant Malone's computer and has requested Mr. Malone provide any communications from him to Mr. Reece. As those have been received they have been turned over, but some are the subject of a hearing before the district court and it is conceivable that some may have been deleted. While the voluntary production by Mr. Malone is laudable, the government does not object to defense efforts to obtain access to the data from Defendant Malone's computer by way of a subpoena under Rule 17. However, there may well be attorney/client privileged information in both computers so counsel for Messrs. Malone and Green must be

kept apprised of the process. This cannot be as efficiently accomplished under the current format of production, therefore,

**IT IS ORDERED THAT** Defendants shall issue subpoenas under Rule 17 to obtain the material they seek from both computers and they shall provide notice to counsel for both Messrs. Green and Malone;

3. Defendants seek additional information regarding the $1,800,000 referenced in Count One of the indictment (Overt Act III, D) and the $345,000 referenced in Count One (Overt Act E). In light of the government's agreement to strike from the indictment some alleged illegal drugs/analogues, the defendants seek breakdowns and particulars of the amount of the total referenced sums attributable to the remaining drug charged in the indictment. The government has responded that it does not have such a breakdown as to what part of the alleged funds were attributable to purchases of AM-2201, but that it has turned over everything it has that relates to what chemicals were being supplied to NeutraGenomics during a certain time frame. The government anticipates it will be able to calculate a figure based on the amount of product ultimately produced as it comes down from substance to ultimate final product in combination with the testimony of cooperating witnesses. That figure will be produced before trial. Therefore,

**IT IS ORDERED THAT** this aspect of the Motion to Compel is DENIED;

4.  Defendants call for production of transcripts of interviews of Defendant Alexander Derrick Reece as quoted/referenced in the Florida search warrant.  The subject interview(s) are referenced to have been conducted by FDA Inspector William Brannon, HSI SA Chris Note, US Postal Inspector agent Keith Hannon, detectives of the Jacksonville Sheriff's Office, or any combination thereof.  The government has responded that it has made inquiry for the requested information.  No responsive information has been found relative to HSI, and the government awaits response from the postal inspector.   Therefore,

**IT IS ORDERED THAT** the government shall make prompt disclosures of this information as it is received, and no later than thirty (30) days from the date of this Order;

5.  Defendants call for production of reports of interviews and any other documentation of statements by co-conspirators, co-workers and/or employees of the defendants wherein any have expressed the belief that the charged substances were legal to possess and distribute.  The government has not produced co-workers statements who received information from the defendant Reece as it relates to what he told them to convince them that they could keep doing what they were doing pursuant to Rule 16(a)(2) but will produce them at the appropriate time subject to the Jencks Act requirements. The defendant argues the government

should affirmatively inquire of the co-conspirators whether they told anyone the chemicals in question were checked out with a chemist or a lawyer based on *Kyles v. Whitley,* 514 U.S. 419 (1995). According to the Supreme Court:

> [T]he prosecution, which alone can know what is undisclosed, must be assigned the consequent responsibility to gauge the likely net effect of all such [favorable] evidence and make disclosure when the point of "reasonable probability" is reached. This in turn means that the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police.

*Kyles v. Whitley*, 514 U.S. at 437.

The government has repeatedly represented that it will produce *Brady* material promptly and should the statements of the co-conspirators contain *Brady* material, those aspects of the statements should be disclosed promptly. However, this Court has no basis *at this time* to depart from the requirements of the Jencks Act or the scheduling order of the court. Therefore,

**IT IS ORDERED THAT** this aspect of the motion is DENIED.

Signed at Lafayette, Louisiana, this 30th day of April, 2013.

_____
                    Patrick J. Hanna
          United States Magistrate Judge